NATIONAL CARRIERS' CONFERENCE COMMITTEE et al.

v.

Honorable Gerald J. HEFFERNAN, Tax Commissioner of the State of Connecticut.

Civ. No. 77–191.

United States District Court, D. Connecticut.

Sept. 29, 1977.

 

Robert J. Engelman, Schwartz & Knight, New Haven, Conn., Benjamin W. Boley, Shea & Gardner, Washington, D. C., for plaintiffs.

Ralph G. Murphy, Asst. Atty. Gen., Hartford, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

NEWMAN, District Judge.

This action was brought by the National Carriers' Conference Committee (NCCC) and the eleven individual members of the committee as fiduciaries of the Railroad Employees National Dental Plan (Dental Plan) to enjoin a tax imposed by the state of Connecticut on benefits paid out under the plan. The defendant, Tax Commissioner of the State of Connecticut (Commissioner), has moved to dismiss for failure to state a claim and for lack of jurisdiction.

Plaintiff NCCC negotiates with the labor organizations of most of the nation's railroads on behalf of the railroads regarding rates of pay, rules, and working conditions. It also administers the Dental Plan, which pays benefits to railroad employees and their dependents to cover specified dental expenses. During 1976 more than $160,000 in benefits were paid to residents of Connecticut under the plan. Connecticut law imposes a tax on benefits paid out under employee welfare benefit plans. Conn.Gen. Stat. § 12–212c (Supp.1976). Plaintiff NCCC seeks to enjoin the application of that tax to its Dental Plan.

NCCC bases its claim of exemption from state taxation on the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* which establishes a comprehensive federal scheme regulating employee benefit plans. The Commissioner has not challenged NCCC's claim that its Dental Plan is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1) and 1003(a). The essence of NCCC's substantive claim is that the state's power to tax the Dental Plan has

been preempted by federal legislation, specifically by 29 U.S.C. § 1144(a), which provides that the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."

■ Defendant Commissioner maintains that NCCC is barred from bringing this action by the Tax Injunction Act, 28 U.S.C. § 1341, which prohibits federal courts from enjoining state taxes when an adequate state remedy exists. Before considering the effect of that potential barrier to jurisdiction it is necessary to examine the affirmative jurisdictional provision relied on by NCCC.

ERISA authorizes suits by any fiduciary "to enjoin any act or practice which violates any provision of [the statute] . . . ." 29 U.S.C. § 1132(a)(3)(A). The Act also gives federal courts exclusive jurisdiction over such suits. 29 U.S.C. § 1132(e)(1). Plaintiff contends that the Connecticut tax violates the statute's preemption clause, 29 U.S.C. § 1144(a), and characterizes this suit as an action to enjoin a violation of ERISA brought under ERISA's jurisdictional provision. Thus, jurisdiction ultimately exists only if state taxation of the Dental Plan is a violation of the preemption clause. That, however, is also the fundamental substantive issue in this suit.

In another context the Supreme Court recognized that there are types of cases "where the question of jurisdiction is dependent on decision of the merits." *Land v. Dollar,* 330 U.S. 731, 735, 67 S.Ct. 1009, 1011, 91 L.Ed. 1209 (1947). In that case the Court held that a district court "has jurisdiction to determine its jurisdiction by proceeding to a decision on the merits." *Id.* at 739, 67 S.Ct. at 1013. Although the question appears not to have been raised in this circuit, when issues of jurisdiction are closely connected to the merits, courts have preferred to assume jurisdiction and defer resolution of those issues to a determination on the merits. See, *e. g., Johns-Manville Sales Corp. v. Mitchell Enterprises, Inc.,* 417 F.2d 129, 131 (5th Cir. 1969); *McBeath v. Inter-American Citizens for Decency Comm.,* 374 F.2d 359, 363 (5th Cir. 1967); *Schramm v. Oakes,* 352 F.2d 147, 149 (10th Cir. 1965); *Fireman's Fund Ins. Co. v. Railway Express Agency,* 253 F.2d 780, 784 (6th Cir. 1958). *Cf. Gulf Oil Corp. v. Copp Paving Co., Inc.,* 419 U.S. 186, 203 n. 19, 95 S.Ct. 392, 42 L.Ed.2d 378 (1974) (Powell, J.), and *id.* at 213 n. 10, 95 S.Ct. 392 (Douglas, J., dissenting). Similarly, in this action, it is appropriate to exercise jurisdiction under 29 U.S.C. § 1132(e) until the substantive issue is resolved.

■ The gravamen of the motion to dismiss is the Commissioner's claim that the Tax Injunction Act precludes a federal court from entertaining this suit. That statute provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. Enactment of the statute codified the federal courts' prior practice of staying their hand when the equitable remedy sought would have interfered with a state's taxing powers and its internal economic affairs. *Moe v. Salish and Kootenai Tribes,* 425 U.S. 463, 470, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976).

The Tax Injunction Act and ERISA's jurisdictional provisions contain no cross references to each other. It could be argued that as a matter of construction ERISA, as the statute later in time, implicitly repeals prior inconsistent provisions. ERISA explicitly provides, however, that nothing "shall be construed to alter, amend, modify, invalidate, impair or supersede any law of the United States . . . ." 29 U.S.C. § 1144(d). The applicability of § 1341 is apparently unimpaired by the enactment of ERISA. Nevertheless, the instant action is not barred by § 1341, for it comes within both statutory and judicial exceptions to that restriction on jurisdiction.

By its own terms, § 1341's limit on federal jurisdiction is conditioned on the existence of "a plain, speedy and efficient reme-

dy" in the state courts. Defendant maintains that such remedies do exist in Connecticut and that the prohibition of § 1341 should be applied with full force. It is true that Connecticut permits declaratory relief, Conn.Gen.Stat. § 52–29, and that an insurance company taxpayer may appeal to the Court of Common Pleas for Hartford County once notified that a tax is due. Conn. Gen.Stat. § 12–208. However, these remedies do not meet the "plain, speedy and efficient" standard enunciated in § 1341 in view of ERISA's cloud on state court jurisdiction.

Jurisdiction over suits arising under ERISA is, with minor exceptions, vested exclusively in the federal courts. 29 U.S.C. § 1132(e)(1). If this suit were brought before a Connecticut state court, that court might well feel compelled to dismiss the action on the grounds that its jurisdiction had been preempted by federal legislation and the supremacy clause.[1] Consequently the plaintiff cannot be said to have a "plain, speedy and efficient" remedy in state court—he may have none at all. At a minimum the availability of a state court remedy is not "plain."

Alternatively, the plaintiff might bring his claim before a Connecticut state court by refusing to pay his taxes and then raising his ERISA issues as a defense to a civil action for collection brought by the Commissioner under Conn.Gen.Stat. § 12–35 (Supp.1976). This procedure is not a remedy which can be invoked by the plaintiff. See *Georgia R.R. & Banking Co. v. Redwine,* 342 U.S. 299, 303 n. 11, 72 S.Ct. 321, 96 L.Ed. 335 (1952). Moreover, if NCCC does not succeed on the merits, it will be liable for a 10% penalty imposed on the unpaid taxes. Conn.Gen.Stat. § 12–204 (Supp.1976). Thus this too fails to satisfy the "plain, speedy and efficient" requirement.

Finally, in Connecticut a warrant for distraint on property with the force of execution may issue against assets of the taxpayer summarily and without a prior judicial determination. Conn.Gen.Stat. § 12–35 (Supp.1976). In that situation, NCCC could raise its ERISA preemption claim, if at all, only after a serious disruption of its activities.

It is clear, therefore, that Connecticut offers no "plain, speedy and efficient" remedy for the resolution of issues raised in this case, so the bar of § 1341 is inapplicable.

Defendant's motion to dismiss must also fail because the plaintiff's action comes within a judicially created exception to the bar of § 1341. It is clear that the statute does not bar actions brought by the United States "to protect itself and its instrumentalities from unconstitutional state exactions." *Department of Employment v. United States,* 385 U.S. 355, 358, 87 S.Ct. 464, 467, 17 L.Ed.2d 414 (1966); *United States v. Sullivan,* 270 F.Supp. 236, 240 (D.Conn.1967), *aff'd,* 398 F.2d 672 (2d Cir. 1968), *rev'd on other grounds,* 395 U.S. 169, 170 n. 2, 89 S.Ct. 1698, 23 L.Ed.2d 182 (1969). The Supreme Court recently expanded the exception to reach an action brought by a private party whom Congress intended to have the same access to federal court as that available to the United States. *Moe v. Salish & Kootenai Tribes, supra.* Plaintiff argues that this is such a case.

In *Moe* an Indian tribe and its members sought relief from certain state taxes. In rejecting the claim that the plaintiffs were

---

1. *Cf. Marshall v. Chase Manhattan Bank,* 558 F.2d 680, No. 77–6061 (2d Cir. 1977). There the trustee of an employee pension benefit plan brought an action in New York state court to wind up the plan after the bankruptcy of the employer. The Secretary of Labor filed an action in federal court seeking declaratory and injunctive relief against the trustee alleging that federal courts have exclusive jurisdiction under 29 U.S.C. § 1132(e)(1) and that federal law supersedes state law. 29 U.S.C. § 1144(a). The district court dismissed the complaint on its own motion, ruling that the Secretary should proceed in state court with a motion to dismiss. 558 at 682.

The Second Circuit reversed the dismissal, holding that the Secretary's complaint stated a claim within federal jurisdiction and a claim upon which relief could be granted. The court thereby recognized ERISA's strong interest in the exclusivity of federal jurisdiction, an interest strong enough to warrant interference with a state proceeding. *Cf. id.* at 683.

barred by § 1341, the Supreme Court employed a three-part analysis. First, the Court noted the District Judge's reliance on an expanded version of the federal instrumentalities doctrine, which would allow suit by private entities in which the United States had a "real and significant interest." 425 U.S. at 471, 96 S.Ct. 1634. The Court held that reliance on that notion *alone* would not avoid the bar of § 1341, but noted a second basis for the District Court's decision. A later jurisdictional statute, 28 U.S.C. § 1362, had given federal courts original jurisdiction over civil actions brought by Indian tribes arising under the Constitution, statutes or treaties of the United States. 425 U.S. at 471–2, 96 S.Ct. 1634. The Supreme Court read the legislative history as indicating a Congressional intent to give the tribe the same access to federal courts that the United States would have if it brought a suit on behalf of the tribe. 425 U.S. at 472–3, 96 S.Ct. 1634. Third, and finally, the Court found that the suit was one which the United States could have brought. 425 U.S. at 473–4, 96 S.Ct. 1634. The Court concluded that because § 1341 did not bar the United States, it should not bar the private plaintiff either.

The same analysis is applicable to the present case. The federal government clearly has a "real and significant interest" in plans established under ERISA. This is evidenced not only by the Congressional findings which prompted the legislation, 29 U.S.C. § 1001(a), but also by the exclusive jurisdiction of the federal courts over virtually all claims arising under the Act, 29 U.S.C. § 1132(e)(1) and the preemption of state law in all but a few areas. 29 U.S.C. § 1144(a).

As in *Moe,* the plaintiff here relies on a jurisdictional statute enacted after § 1341, 29 U.S.C. § 1132(e)(1). Unlike the situation in *Moe,* however, it is not necessary to delve into the legislative history of the later jurisdictional statute to discern its intended scope. The very terms of ERISA indicate that Congress intended private plaintiffs' access to the federal courts to be no less than that of the Secretary of Labor's. Under the statute either a "participant, benefi-

ciary or fiduciary," 29 U.S.C. § 1132(a)(3), or the Secretary of Labor, 29 U.S.C. § 1132(a)(5), can sue to enjoin any act or practice which violates Title I of ERISA or to obtain other equitable relief. Moreover, the Secretaries of Labor and Treasury must be served with a copy of the complaint in an action brought by a private party and may intervene as a matter of right in such actions. 29 U.S.C. § 1132(h).

Finally, it is even clearer here than in *Moe* that the government could have brought this action. In *Moe* the Court relied on decisions relating to the government's standing to raise the claims of Indians. 425 U.S. at 473–4, 96 S.Ct. 1634. In the present action Congress has explicitly conferred standing on the United States as represented by the Secretary of Labor, 29 U.S.C. § 1132(a)(5), and as noted above, the bar of § 1341 is not applicable to suits brought by the United States.

Thus, because the United States could have brought this suit and because Congress intended private parties like this plaintiff to have the same access to federal court as the government enjoys, this action comes within a recognized exception to § 1341.

The defendant's motion to dismiss is accordingly denied.