The FIRESTONE TIRE & RUBBER COMPANY, et al., Plaintiffs,

v.

Russell R. BODLE, Commr., Defendant.

No. C84–3706A.

United States District Court, N.D. Ohio, E.D.

April 18, 1985.

On Motion for Attorney Fees Nov. 15, 1986.

John M. Glenn, Buckingham, Doolittle & Burroughs, Akron, Ohio, for plaintiffs.

Douglas J. Powley, Asst. Director of Law, Akron Law Dept., Akron, Ohio, Patricia M. Ritzert, Asst. Director of Law, Akron, Ohio, for defendant Tax Com'r for the City of Akron.

## MEMORANDUM OPINION

DOWD, District Judge.

Plaintiffs, the Firestone Tire & Rubber Company and Virgil E. Arrington, filed the above-captioned case against defendant Russell R. Bodle, tax commissioner of the City of Akron, seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(3)(A). In count I, plaintiffs claim that employer contributions by Firestone to employee benefit plans set up under ERISA, based on employees' reductions in salary, are exempt from municipal income tax because to tax such contributions would be violative of ERISA. In count II, plaintiffs allege that contributions made by Firestone to the benefit plans are not taxable income as defined in § 2 of the Akron municipal tax ordinance. Before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction. The issue before the Court is whether plaintiffs' action for a declaratory judgment and injunctive relief gives rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331 or whether plaintiffs' claims are subject to the "well-pleaded complaint rule" which precludes federal jurisdiction premised upon a federal question which only arises as a defense to a state law action. For the reasons which follow, the motion to dismiss is denied regarding count I and is granted regarding count II.

## FACTUAL ALLEGATIONS

Plaintiffs allege Firestone is a fiduciary of two employee benefit plans which Firestone provides to its employees. Plaintiffs allege further that plaintiff Virgil E. Arrington is an employee of Firestone and is a participant, as defined by 29 U.S.C. § 1002(7), in the benefit plans. Plaintiffs allege the benefit plans are plans approved under ERISA and the Internal Revenue Code. Plaintiffs allege that the plans provide that employees may elect to accept a reduction in salary and to have Firestone contribute the deducted funds to the benefit plans.

It is undisputed that Firestone requested that the defendant Akron tax commissioner render an administrative ruling regarding whether the contributions to the benefit plans are taxable under the Akron Income Tax ordinance. The Akron tax commissioner held that employer contributions to the benefit plans based on employees' reductions in salary are subject to municipal income tax under Akron income tax ordinance no. 1298–1962. The holding of the Akron tax commissioner was affirmed on appeal by the Akron Board of Review. Plaintiffs allege that Akron is imposing on Firestone an obligation to withhold such tax from its employees' salaries, but that Firestone is not withholding such tax. Plaintiffs allege that withholding the taxes imposed by Akron would violate federal law, which preempts state law, as governed by ERISA, 29 U.S.C. § 1144(a). Furthermore, plaintiffs allege that the contributions made by Firestone to the benefit plans are not taxable income as defined under § 2 of the Akron municipal tax ordinance no. 1298–1962.

Plaintiffs request a declaration that ERISA, 29 U.S.C. § 1144(a) pre-empts Akron's municipal income tax ordinance; request an order enjoining the defendant tax commissioner from imposing the municipal income tax and from imposing an obligation on Firestone to withhold the income tax from the contributions to the benefit plans; and an order to pay plaintiffs' costs of the action pursuant to ERISA, 29 U.S.C. § 1132(g).

## DISCUSSION AND LAW

Defendant asserts this Court lacks subject matter jurisdiction over this action because the action does not arise under a federal statute and there is not federal question before the Court. Defendant asserts further that this action is barred by the Tax Injunction Act, 28 U.S.C. § 1341 and that plaintiffs' interpretation of ERISA would violate the Tenth Amendment of the United States Constitution.

1. *Federal Question Jurisdiction.*

■ In the Declaratory Judgment Act, Congress provided:

In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. Congress provided further that:

[F]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C. § 2202. In the Declaratory Judgment Act, Congress did not expand the jurisdiction of federal courts, but rather, Congress expanded the remedies available in federal actions. *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950).

The federal jurisdiction on which plaintiffs' premise their request for a declaratory judgment is the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Congress provided, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs assert this action "arises under" a law of the United States, i.e., ERISA 29 U.S.C. § 1132(a). Pursuant to ERISA:

(a) A civil action may be brought—

(1) by a participant or beneficiary—

. . . . .

(B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

. . . . .

(3) by a participant, beneficiary, or fiduciary

(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or

(b) to obtain other appropriate equitable relief (i) to redress ·such violation or (ii) to enforce any provisions of this subchapter or the terms of the plan.

11 U.S.C. § 1132(a)(1)(B), (3).

■ Under the "well-pleaded complaint rule" a federal court does not have either original or removal jurisdiction over a case unless it is clear from the complaint that the claims arise under federal law. Even though a substantial federal question may be raised as a defense to the plaintiff's claims, federal jurisdiction only exists if the action "arises under" federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983).[1] Consequently, "a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, ... or that a federal defense the defendant may raise is not· sufficient to defeat the claim...." *Id.*

The Supreme Court has also held that parties cannot avoid the well-pleaded complaint rule by use of the Declaratory Judgment Act. In *Skelly Oil*, 339 U.S. 667, 70 S.Ct. 876, the Court held that federal jurisdiction does not exist if the party seeking the declaratory judgment is in effect requesting a ruling on a defense based on federal law to a state law claim. The Court held:

> To sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because, as in this case, artful pleading anticipates a defense based on federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system

and distort the limited procedural purpose of the Declaratory Judgment Act. *Id.* at 673–74, 70 S.Ct. at 880.

In *Franchise Tax Board*, 103 U.S.S.Ct. 2841, the California Franchise Tax Board filed a complaint in California state court against the Construction Laborers Vacation Trust, an ERISA approved benefit plan, alleging that the trust had failed to comply with tax levies issued under a California statute and seeking a determination of the parties' rights considering that the trust contended that ERISA pre-empted state law and that the trustees lacked the power to honor the levies. The trust removed the case to federal district court. The Supreme Court held that federal question jurisdiction did not exist because the action did not arise under a federal statute, rather the plaintiff sought a declaration regarding whether a federal statute was a valid defense to the action.

On the same day the Supreme Court decided *Franchise Tax Board*, the Court decided *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). In *Shaw*, the state of New York passed a human rights law which forbade discrimination in employee benefit plans on the basis of pregnancy and passed a disability benefits law which required employers to pay sick leave benefits to employees unable to work because of pregnancy. Employers brought declaratory judgment actions seeking a determination that the New York laws were pre-empted by ERISA. The Court noted that full jurisdiction existed over the matter. The Court held:

> The Court's decision today in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420, does not call into question the lower courts' jurisdiction to decide these cases. *Franchise Tax Board* was an action seeking a declaration that state laws were not pre-empted by ERISA. Here, in contrast, companies subject to ERISA regulation seek injunc-

---

**1.** In delivering the opinion of the Court in *Franchise Tax Board*, Justice Brennan explained the history and purpose of the well-pleaded complaint rule. 103 S.Ct. 2845–51.

tions against enforcement of state laws they claim are pre-empted by ERISA, as well as declarations that those laws are pre-empted.

It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. *See Ex parte Young,* 209 U.S. 123, 160–62, 28 S.Ct. 441, 454–55, 52 L.Ed. 714 (1908). A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve. *See Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 199–200, 41 S.Ct. 243, 244–45, 65 L.Ed. 577 (1921); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed.2d 126 (1908); *see also Franchise Tax Board,* 463 U.S. at 19–22, and n. 20, 103 S.Ct. at 2851–52, and n. 20, 77 L.Ed.2d at 420, and n. 20; Note, Federal Jurisdiction over Declaratory Suits Challenging State Action, 679 Colum.L.Rev. 983, 996–1000 (1979). This Court, of course, frequently has resolved pre-emption disputes in a similar jurisdictional posture. *See, e.g., Ray v. Atlantic Richfield Co.,* 435 U.S. 151, 98 S.Ct. 988, 55 L.Ed.2d 179 (1978); *Jones v. Ray Packing Co., supra; Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); *Hines v. Davidowitz,* 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

103 S.Ct. 2899, n. 14.

Without the benefit of *Franchise Tax Board* or *Shaw,* Professors Wright, Miller, and Kane summarized a test of a federal court's jurisdiction over a declaratory judgment action. "[I]f, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking. On the other hand, if the federal issue would inhere in the claim on the face of the complaint that would have been presented in a traditional damage action or a coercive action, then federal jurisdiction exists over the declaratory judgment action." Wright, Miller & Kane, Federal Practice & Procedure, Civil 2d § 2767, 744–45 (footnotes omitted). The issue as it relates to the case before the Court is whether the claim raised in the declaratory judgment action by the plaintiffs that the contributions to the plans in question are not subject to municipal tax, is in actuality a defense to a state action to collect the taxes or is an independent federal claim which could have been presented in a traditional action for damages or injunctive relief to prevent the tax commissioner from interfering with plaintiffs' federal rights. The Court concludes this action is more analogous to *Shaw,* 103 S.Ct. 2890, which involved companies subject to ERISA regulation seeking injunctions against enforcement of state laws, than to *Franchise Tax Board,* 103 S.Ct. 2841 which involved an action by the Tax Board against a trust fund seeking to enforce compliance with tax levies and recognizing a possible valid ERISA defense.

■ In 29 U.S.C. § 1144, Congress provided that ERISA supersedes any and all state laws insofar as they relate to any employee benefit plans described under the Act. In 29 U.S.C. § 1132, Congress provided a right of action to enforce or clarify rights under a plan approved by ERISA. Congress vested jurisdiction in the United States District Courts over such civil actions. 29 U.S.C. § 1132(e). In the action before the Court, a participant and the fiduciary of the benefit plans are seeking a declaration of their rights under the plan, claiming that the tax imposed by the city is in violation of ERISA. Plaintiffs could have brought this action as a traditional action for equitable relief without seeking a declaratory judgment. Plaintiffs have federal question jurisdiction to bring this action independent of the request for a declaratory judgment. This is not a case where the city is seeking to enforce its municipal tax ordinances and the defense of federal law pre-emption is being raised. Rather, this is an action where the fiduci-

ary and a participant in ERISA-qualified benefit plans are seeking to enforce their rights under federal law. Consequently, the well-pleaded complaint doctrine does not apply and subject matter jurisdiction exists over this action.

## 2. *The Tax Injunction Act.*

Defendant asserts this Court lacks jurisdiction over this matter premised upon the Tax Injunction Act, in which Congress provided:

> The district courts shall not enjoin, suspend or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the Courts of such State.

In the Tax Injunction Act, Congress recognized that in order for the states to maintain fiscal stability, the state tax systems cannot be subject to constant scrutiny in federal courts. The Supreme Court held that the Tax Injunction Act and the decisions of the Supreme Court which preceded it, "reflect the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." *Fair Assessment in Real Estate Association v. McNary,* 454 U.S. 100, 103, 102 S.Ct. 177, 179, 70 L.Ed.2d 271 (1981).

Equally important as the policy embodied in the Tax Injunction Act is the policy embodied in ERISA. This Court has held:

> The stated Congressional policy of ERISA is "to protect ... the interests of participants in employee benefit plans ... by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to Federal Courts." 29 U.S.C. § 1001(b). The Supreme Court has noted that the primary purpose of ERISA is to protect the interest of beneficiaries in pension plans. *Nachman Corp. v. Pension Benefit Guaranty Corp.,* 446 U.S. 359, 361, 362,

100 S.Ct. 1723, 1726, 1727, 64 L.Ed.2d 354 (1979).

*Bruchac v. Universal Cab Co.,* 580 F.Supp. 295, 299 (N.D.Ohio 1984).

■ Considering the strong congressional policy of protecting employee benefit plans through ERISA, the Court concludes that Congress created an exception to the Tax Injunction Act in 29 U.S.C. § 1132 which permits a civil action in federal court for enforcement of rights under ERISA. Congress intended private plaintiffs to have access to federal courts to enforce their rights under ERISA in spite of the Tax Injunction Act. *Accord, National Carriers' Conference Committee v. Heffernan,* 440 F.Supp. 1280, 1283–84 (Conn. 1977); *Federal Land Bank of Wichita v. The Board of County Commissioners,* 582 F.Supp. 1507, 1510 n. 2 (Col.1984).

Considering that Congress created an exception to the Tax Injunction Act in ERISA, this Court has jurisdiction over count I of the plaintiffs' complaint in which plaintiffs allege the Akron municipal tax violates their rights under ERISA. However, in count II of the complaint, plaintiffs allege the contributions made by Firestone to the benefit plans are not taxable income as defined in the municipal tax ordinance. In count II, plaintiffs are asking this Court for an interpretation of the Akron municipal tax ordinance. Count II does not involve claims of a violation of rights under ERISA or any other federal law.

■ Plaintiffs have a "plain, speedy, and efficient remedy" in the courts of the state of Ohio. An initial and appellate administrative procedure exists, with review by the state courts, regarding the issues raised in count II of the complaint. Ohio Rev.Code § 2505.01 *et seq.* Consequently, this Court is deprived of jurisdiction over count II of plaintiffs' complaint by the Tax Injunction Act.

■ Furthermore, the Court concludes that it is without pendent jurisdiction over the matter. In *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court held

that federal courts may exercise jurisdiction over independent state law claims if the claims arise out of a common nucleus of operative facts as gave rise to the federal claims and if the federal claims are substantial. Considering the claims "without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." *Id.* at 725, 86 S.Ct. at 1138 (emphasis in original, footnote omitted).

The issue of whether the contributions to the benefit plans are taxable income within the meaning of the municipal tax ordinance is a wholly independent issue from whether the tax ordinance violates ERISA by imposing a tax on the contributions as alleged in count I of the complaint. Count II requires an interpretation of the municipal tax ordinance, whereas count I requires an interpretation of whether the ordinance violates ERISA. Consequently, the claim in count II does not arise out of a common nucleus of operative facts or law as the claim in count I.

Accordingly, count II is dismissed for lack of subject matter jurisdiction.

3. *The Tenth Amendment of the United States Constitution.*

 Defendant asserts that if ERISA, 29 U.S.C. § 1144(a) is interpreted as removing certain taxing power from the states and their political subdivisions, then Congress has enacted an unconstitutional provision because the federal government is impairing the exercise of state sovereignty. The power of Congress to regulate matters affecting interstate commerce is broad and sweeping. *Arizona Public Service Co. v. Snead,* 441 U.S. 141, 99 S.Ct. 1629, 60 L.Ed.2d 106 (1979) (federal statute invalidating state energy tax is within bounds of Congressional action under the Commerce Clause); *Heart of Atlanta Motel, Inc. v. United States,* 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964) (a motel serving interstate travelers can be regulated by Congress pursuant to the Civil Rights Act of 1964 under Congress' power pursuant to the Commerce Clause.)

Accordingly, this Court's jurisdiction is not barred by the Tenth Amendment to the United States Constitution.

## CONCLUSION

Pursuant to the reasons set forth above, defendant's motion to dismiss is granted with regard to count II of the complaint and is denied with regard to count I of the complaint.

IT IS SO ORDERED.

## ON MOTION FOR ATTORNEY FEES

Plaintiffs, the Firestone Tire & Rubber Company and Virgil E. Arrington, filed the above-captioned case against defendant Russell R. Bodle, Tax Commissioner of the City of Akron, on November 29, 1984. In a two count complaint, plaintiffs aver first that the contributions made by plaintiff, The Firestone Tire & Rubber Company (hereinafter "Firestone"), to employee benefit plans created from reductions in employees' salaries are not subject to the municipal income tax imposed by the City of Akron. In count two, plaintiffs aver that the plaintiff Firestone's contributions to the employee benefit plans are not taxable income as defined under the relevant Akron municipal tax ordinance. Plaintiffs then set forth a demand for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3)(A). In a Memorandum Opinion of April 18, 1985, this Court dismissed count two of plaintiffs' complaint on grounds that plaintiffs do not set forth any claims of a violation of rights under ERISA or any other federal law in that count. In its opinion of that date, the Court concluded that since plaintiffs have a remedy for the claims set out in count two under Ohio law, the Court is deprived of jurisdiction over count two of plaintiffs' complaint by the Tax Injunction Act. The Court further

concluded that it is without pendant jurisdiction over count two of plaintiffs' complaint where the claim set forth in count two does not arise from a common nucleus of operative facts or law from the claim set forth in count one. *See* Court's Memorandum Opinion filed April 18, 1985.

On August 1, 1985, this Court entered judgment in favor of the defendant and against the plaintiffs on count one of plaintiffs' complaint. In its Memorandum Opinion of that date, the Court held that:

> Although the preemption by ERISA of state laws relating to employee benefit plans is broad, this Court concludes the income tax at issue does not relate to Firestone's employee benefit plans. The Akron income tax has no relation or connection to Firestone's plans. As stated above, the tax is simply a tax on an employee's gross earnings. Taxing earnings that the employee subsequently directs Firestone to apply to the benefit plans, does not *ipso facto* cause the tax to be related to the plans. There is a clear line between the tax imposed on employee earnings and contributions to the benefit plans. The tax has no connection or reference to the benefit plans. The tax commissioner has not directed any action at the plan contributions or payments. The only conceivable relationship between the tax ordinance and the benefit plans is that the tax is directed at all income, including income that an employee may direct Firestone to contribute or divert to the benefit plans. However, such a tenuous relationship is insufficient to characterize the Akron Municipal Income Tax Ordinance at issue as relating to the benefit plans either directly or indirectly.

*See* Court's Memorandum Opinion filed August 1, 1985, pp. 9–10.

Before the Court is the defendant's motion for attorney fees in the above-captioned case. Defendant's motion is opposed by the plaintiffs. The Court heard oral arguments on the defendant's motion on November 5, 1985. At the hearing, counsel for the plaintiffs and defendant entered into a stipulation of record that in the event that this Court should award attorney fees, a reasonable award, including costs but excluding any fees for services rendered in appealing this action, is the sum of $15,000.00.

The terms of 29 U.S.C. § 1132(g)(1) provide that: "In any action under this subchapter (other than an action described in paragraph (2) via participant, beneficiary, or fiduciary), the Court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

In *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820 (7th Cir.1984), the United States Court of Appeals for the Seventh Circuit addressed a party's entitlement to an award of attorney fees under 29 U.S.C. § 1132(g)(1). The Court recognized that a number of courts have utilized a five factor test to evaluate whether or not fees should be awarded under section 1132(g)(1).[1] In *Bittner,* the Court did not question the soundness or the utility of the test, but noted that it is one oriented toward an evaluation of a request for fees on the part of a prevailing plaintiff, versus defendant. The Court further noted that virtually the same test has been applied to a defendant's request for attorney fees, but that the application of the five factor test has not been held to be the sole test which should be used in deciding whether to award attorney fees under section 1132(g)(1). The Court therefore continued with its analysis of whether or not the defendant in the case

---

**1.** The five factors listed by the Court were as follows:

> (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees against the offending parties would deter other persons acting under similar circumstances; (4) the

amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions. *Id.* at 828, quoting *Janowski v. International Brotherhood of Teamsters,* 673 F.2d 931, 940 (7th Cir.1982), *vacated on other grounds,* 463 U.S. 1222, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983).

before it, who prevailed on the merits of the action, was entitled to an award of fees, and addressed the question of the applicable test to be used in making that determination.

In making its analysis, the Court stated that section 1132 gives the district court discretion to award or not award fees. Therefore, stated the Court, "[i]t does not follow that whoever wins, plaintiff or defendant, is entitled to attorney's fees as a matter of course under section 1132(g)(1)." *Id.* at 830.

Looking to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412(d)(1)(A) as a useful analogy in awarding fees in ERISA cases under 29 U.S.C. § 1132(g)(1), the Court stated that under EAJA, "a prevailing party in many types of suit against the government [is entitled] to a reasonable attorney's fee 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.' These words create a modest presumption (modest because of the "special circumstances" exception) in favor of awarding reasonable attorney's fees to the winning party, plaintiff or defendant, unless the loser's position, while rejected by the court, had a solid basis—more than merely not frivolous, but less than meritorious." *Id.*, citing *McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir.1983) for its articulation of this "intermediate standard." This intermediate standard, the Court stated, "is consistent with previous articulations of the test under section 1132(g)(1) but is simpler and more definite." Addressing any challenge to the use of the Equal Access to Justice Act standard, the Court stated as follows:

> This standard is consistent with previous articulations of the test under section 1132(g)(1) but is simpler and more definite. We are not much concerned with the argument that if Congress in section 1132(g)(1) had wanted to adopt the same standard as in the Equal Access to Justice Act it would have used the same words. The Equal Access to Justice Act,

enacted six years after section 1132(g)(1), was not an available model to the draftsmen of that section. The Act gives felicitous expression to the intermediate position between automatic fee shifting (or nearly automatic, as in the Civil Rights Attorney's Fees Awards Act) and the common law position which allows shifting only against the frivolous litigant. It thus provides a model for courts that must try to give meaning to the word "discretion" in an earlier attorney's fees statute also intended to take the middle way.

*Id.* at 830.

The Court in *Bittner* recognized in *dicta* that special circumstances might make an award of fees unjust in certain cases, and stated that the special circumstances exception of the EAJA standard imparts a flexibility to the "substantially justified" test, as well as a "continuity with the cases that use a multi-factored approach." *Id.* at 830. Such factors, the Court stated, may make a fee award against a plaintiff unjust even if he did not have a "solid basis" for bringing his suit. Among such factors, the Court recognized the good faith of a plaintiff, which it stated was not alone sufficient to prevent the Court from awarding a defendant reasonable attorney fees, but could "be evidence of exceptional circumstances that would make the award unjust." *Id.* Another factor the Court recognized was the plaintiff's ability to pay an attorney fee award against him without great hardship, when he brings a suit in good faith but without substantial justification.

Applying the intermediate standard it had just articulated to the case before it, the Court in *Bittner* stated, was a task for the district court. Whether or not a plaintiff's position was substantially justified and not merely frivolous was a question "that the district court should take first crack at under a statute that commits the question of attorney's fees to its discretion," the Court stated. *Id.* at 831. Also for the district court's consideration, stated the Court, was the question of whether or not exceptional circumstances justified

withholding an award of attorney fees against the plaintiff even if the plaintiff's suit was found not to have a substantially justified basis.

■ After reviewing the various cases interpreting the application of section 1132(g)(1), this Court finds very informative and most persuasive the reasoning set forth by the Court in the *Bittner* case discussed in depth above. Applying the "substantially justified" test of the Court in *Bittner* to the case at bar, the Court finds that the position of the plaintiffs was not substantially justified. *See* Court's Memorandum Opinion filed August 1, 1985.

Further, there are no exceptional circumstances which justify withholding an award of fees to the defendant in this case. As noted in *Bittner*, "the plaintiffs' good faith is not alone enough to prevent the court from awarding the defendant a reasonable attorney's fees—otherwise the 'substantially justified' test would be set at naught." *Id.* at 830.[2] In essence, this case was initiated by Firestone Tire & Rubber Company, not the City of Akron or its tax commissioner. Firestone filed this action as a test case in the absence of precedence to determine whether its decision not to withhold municipal income tax from compensation earned by its employees was justified by reason of the provisions of ERISA. Firestone had an alternative to the litigation. It could have presented the question to the Department of Labor as a request for an advisory opinion or information letter consistent with the advisory opinion procedure of the Department of Labor,[3] but chose not to do so.

Once the plaintiffs elected to file this action rather than seek an advisory opinion, it was readily apparent that the City of Akron—in reality, the taxpayers of the city—would bear the costs of this litigation, absent an award of fees. It is beyond dispute that the plaintiffs are solvent and able to pay an award of attorney fees without great hardship. Under the foregoing circumstances, the Court finds that as between the two parties, Firestone Tire & Rubber Company and the City of Akron, the legal expenses of the City of Akron in this case should be borne by the plaintiffs. Accordingly, defendant's motion for attorney fees under 29 U.S.C. § 1132(g)(1) is well taken. The defendant is hereby granted attorney fees in the amount stipulated by counsel for the party as reasonable, $15,000.00, for services rendered in defense of this action, including costs, but exclusive of any fee for services rendered in defending this case on appeal.

IT IS SO ORDERED.

---

**2.** Plaintiffs have filed the affidavit of senior counsel on this action with the Court, in which counsel attests that he made a good faith determination that a strong and valid basis in law existed for bringing this suit.

**3.** The advisory opinion procedure is published in 41 Fed.Reg. 36,281 (1976).