# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2791
_____

Diversified Ingredients, Inc.

*Plaintiff - Appellant*

v.

Joseph W. Testa, Ohio State Tax Commissioner

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2017
Filed: January 23, 2017

_____

Before LOKEN, BEAM, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

In a preliminary proposed audit, the Ohio Department of Taxation assessed Diversified Ingredients, Inc. ("Diversified"), a Missouri corporation, as owing $561,448.00 in unpaid tax, penalties, and interest under Ohio's Commercial Activity Tax ("CAT"). Diversified commenced this action in the Eastern District of Missouri against Joseph W. Testa, the Ohio State Tax Commissioner, seeking a declaratory judgment that the Interstate Income Act, 15 U.S.C. § 381, deprives Ohio of

jurisdiction to assess and collect the CAT on Diversified's sales of goods manufactured and shipped from outside Ohio to locations in Ohio, and an order enjoining the State Tax Commissioner from asserting that jurisdiction. Diversified appeals the district court[1] order dismissing the action as barred by the Tax Injunction Act, 28 U.S.C. § 1341, and by long-standing principles of comity that "restrain[] federal courts from entertaining claims for relief that risk disrupting state tax administration." Levin v. Commerce Energy, Inc., 560 U.S. 413, 424 (2010). Reviewing the dismissal for lack of subject matter jurisdiction *de novo*, we affirm. See Dakota, Minn., & E.R.R. v. Schieffer, 711 F.3d 878, 880 (8th Cir. 2013).

The Ohio CAT is an annual tax on "the privilege of doing business in this state." See Ohio Rev. Code § 5751.02(A); Beaver Excavating Co. v. Testa, 983 N.E.2d 1317, 1324 (2012). The CAT is imposed on "gross receipts sitused to this state," § 5751.01(G). Gross receipts are sitused to Ohio "if the property is received in this state by the purchaser," § 5751.033(e). Subject to exclusions, "'gross receipts' means the total amount realized by a person, without deduction for the cost of goods sold or other expenses incurred, that contributes to the production of gross income," § 5751.01(F). The exclusions include "[a]ny receipts for which the tax imposed by this chapter is prohibited by the constitution or laws of the United States or the constitution of this state," § 5751.01(F)(2)(ll).

Diversified sells commodities such as pet food ingredients to customers located outside of Ohio and uses for-hire motor carriers to ship these commodities to destinations directed by the customer. The contracts are negotiated and executed outside Ohio. Diversified has no employees located in Ohio and is not registered to do business in Ohio. At issue are Diversified's sales to customers who direct the delivery of Diversified products to manufacturing plants in Ohio. Although the

---

[1] The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

Interstate Income Act ("IIA") limits state taxation of "net income," 15 U.S.C. § 381, and the CAT is imposed on a corporation's gross receipts, Diversified claims that the IIA divests Ohio of jurisdiction to assess the CAT against Diversified's out-of-state sales that are delivered to its customers in Ohio.

Reacting to Supreme Court decisions that rejected constitutional challenges to the imposition of state income taxes on the income of out-of-state corporations, Congress passed the IIA to establish a minimum standard for imposing net income taxes based on solicitation of interstate sales. See Wis. Dept. of Revenue v. William Wrigley, Jr., Co., 505 U.S. 214, 220-23 (1992). Specifically, 15 U.S.C. § 381 provides in relevant part:

> No State, or political subdivision thereof, shall have power to impose . . . a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are either, or both, of the following:
>
> **(1)** the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State; and
>
> **(2)** the solicitation of orders by such person, or his representative, in such State in the name of or for the benefit of a prospective customer of such person, if orders by such customer to such person to enable such customer to fill orders resulting from such solicitation are orders described in paragraph (1).

The district court declined to rule on whether the IIA strips Ohio of authority to impose the CAT based on the Diversified transactions at issue. Instead, the court held that the Tax Injunction Act ("TIA") deprived it of subject matter jurisdiction to

-3-

entertain this action. Diversified Ingredients, Inc. v. Testa, 2016 WL 2932160 (E.D. Mo. May 19, 2016). We agree.

The TIA provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Congress enacted the TIA to "transfer jurisdiction . . . to the state courts" to grant injunctive relief that could interfere with the State's power to assess, levy, and collect taxes. Rosewell v. LaSalle Nat. Bank, 450 U.S. 503, 515 n.19 (1981); see Tully v. Griffin, Inc., 429 U.S. 68, 73 (1976). As originally enacted, the statute provided that "no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain . . . ." Act of Aug. 21, 1937, 50 Stat. 738, codified at 28 U.S.C. § 41(1) (1940 ed.). Though the explicit reference to jurisdiction was removed in the 1948 United States Code revisions, the Supreme Court has continued to refer to the TIA as limiting subject matter jurisdiction. See Direct Marketing Ass'n v. Brohl, 135 S. Ct. 1124, 1133-34 (2015); Levin, 560 U.S. at 429 n.10 & 433 (Thomas, J., concurring); Ark. v. Farm Credit Servs. of Central Ark., 520 U.S. 821, 825-26 (1997); Cal. v. Grace Brethren Church, 457 U.S. 393, 408 (1982) (TIA strips district courts of jurisdiction to award declaratory relief). Thus, the district court properly decided this issue of law in ruling on Testa's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

Diversified's primary contention is that the district court erred in failing to determine whether the IIA bars Ohio from imposing the CAT on Diversified's out-of-state sales because federal courts have exclusive jurisdiction to interpret and enforce the IIA's "federally conferred tax immunity." It is true that the TIA has been held not to preclude the grant of federal equitable relief to a party suing under a federal statute that conferred original or exclusive jurisdiction on the federal courts. See Moe v. Confederated Salish & Kootenai Tribes of Flathead Reservation, 425 U.S. 463, 472 (1976) (Indian tribe suing under 28 U.S.C. § 1362); City Vending of Muskogee, Inc.

-4-

v. Okla. Tax Comm'n, 898 F.2d 122, 123 (10th Cir. 1990) (Bankruptcy Code exception to the TIA); Se. Pa. Transp. Auth. v. Pa. Pub. Utility Comm'n, 802 F. Supp. 1273, 1281-85 (E.D. Pa. 1992) (construing 45 U.S.C. §§ 546b and 581(c)(5) exception); Firestone Tire & Rubber Co. v. Bodle, 645 F. Supp. 305, 310-11 (N.D. Ohio 1986) (ERISA exception).

The IIA does not explicitly provide for exclusive federal jurisdiction, and numerous appellate state court decisions have applied the IIA to specific state tax cases. See, e.g., Gillette Co. v. Dep't of Treasury, 497 N.W.2d 595, 597-99 (Mich. App. 1993). These decisions confirm that the "deeply rooted presumption in favor of concurrent state court jurisdiction" applies to the IIA. Tafflin v. Levitt, 493 U.S. 455, 459 (1990); see Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 478 (1981). As the Supreme Court decision affirming a state court decision in Wrigley illustrates, the IIA divests state legislatures of the power to impose net income taxes on certain out-of-state transactions, but it does not divest state courts of jurisdiction to decide whether the IIA bars a particular state tax assessment, levy, or collection. Of course, this is a question of federal law that may ultimately be reviewed by the United States Supreme Court.

The TIA applies to a suit in federal court seeking to enjoin assessment, levy or collection of a state tax "where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Diversified argues that the Ohio CAT does not provide a "plain" state court remedy because the statute expressly provides that the CAT is "not subject to" the IIA. Ohio Rev. Code § 5751.02(A). The contention is without merit. This TIA exception is procedural. It addresses only whether state law provides a remedy that permits a taxpayer to challenge the state tax at issue in state court. See Rosewell, 450 U.S. at 514-17. Here, the Ohio Revenue Code provides taxpayers an appeal of right to an Ohio appellate court which will "hear and decide" a claim that a state tax has been invalidly assessed or collected. Id. at 517; see Ohio Rev. Code § 5717.04. This obviously includes authority to decide that

imposing the CAT on Diversified's out-of-state transactions violates the IIA, regardless of the Ohio Legislature's contrary intention. Cf. Beaver Excavating, 983 N.E.2d at 1324.

The district court further concluded that it should abstain from entertaining this lawsuit under comity principles. In Levin, 560 U.S. at 417, the Supreme Court noted that the long-standing doctrine restraining federal court relief that risks disrupting state tax administration is "[m]ore embracive than the TIA." Thus, our decision that the TIA effectively transferred jurisdiction over Diversified's equitable claims to the Ohio state courts is not at odds with comity principles applied in Levin and earlier cases. However, as we agree with the district court that the TIA deprived that court of subject matter jurisdiction over Diversified's claim, we decline to consider whether dismissal was also appropriate under prudential comity principles.

The judgment of the district court is affirmed.

_____