# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-8024
_____

Bonnie George; Ed McKinzie; Tim Worstell; Cedar Deraps; Casey Wasser;
Tammy Volkart; James Rehm; Ron Metzgar

*Respondent*s

v.

Omega Flex, Inc.; Ward Manufacturing, LLC; Titeflex Corporation

*Petitioner*s
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: August 25, 2017
Filed: November 1, 2017
[Published]
_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Petitioners Omega Flex, Inc., Ward Manufacturing, LLC, and Titeflex Corporation request permission to appeal the district court's order denying Article III standing to Bonnie George, individually and on behalf of others similarly situated, and remanding the case to the circuit court of Pulaski County, Missouri. Having

jurisdiction under 28 U.S.C. § 1453(c)(1), this court grants the petition for permission to appeal, reverses, and remands.

Petitioners manufacture and sell yellow-insulated corrugated stainless steel tubing (CSST). CSST is used to distribute natural or propane gas within homes and other structures. George claims that CSST is susceptible to failure when exposed to electrical arcing from household appliances, and to indirect or direct lightning strikes. George filed a class action lawsuit in federal court alleging violations of the Missouri Merchandising Practices Act, conspiracy, and unjust enrichment. Petitioners moved to dismiss for lack of jurisdiction. The district court dismissed the claims without prejudice. George then sued in state court, again alleging MMPA violations, conspiracy, and unjust enrichment, but adding loss of benefit-of-the-bargain for the diminution in the value of the structures containing CSST. Petitioners removed the case to federal court, arguing George had Article III standing based on the benefit-of-the-bargain claim. Petitioners also moved to dismiss for failure to state a claim.

The district court ruled that the benefit-of-the-bargain claim failed to bolster the claims enough for Article III standing. The court granted George's motion to remand. Petitioner moves for permission to appeal asserting the benefit-of-the-bargain claim sufficiently establishes standing even if the claims are ultimately without merit.

This court reviews de novo a district court's dismissal for lack of subject matter jurisdiction. *Diversified Ingredients, Inc. v. Testa*, 846 F.3d 994, 995 (8th Cir. 2017). Article III extends judicial power only to cases and controversies. George has the burden to establish that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). George's assertions of paying more than CSST is worth and the consequent loss in

value of the structures are economic injury sufficient to establish Article III standing. *See Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 716 (8th Cir. 2017).

The petition for permission to appeal is granted. The judgment is reversed, and the case remanded for further proceedings consistent with this opinion.

_____