29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
IN the MATTER of: Chang Bum PARK, Debtor,
Chang Bum Park, Debtor-Appellant,
v.
Landmark KCI Bank, Creditor-Appellee.
 No. 94-1346.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 22, 1994.
Filed: June 28, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Chang Bum Park appeals the district court's[1] dismissal of his appeals from the bankruptcy court's[2] orders delaying and then granting a discharge in his favor. Park alleged that the discharge order contained "inflammatory, biased, prejudicial, unauthorized and wholly improper statements." We affirm.
 
 
 2
 Park argues that the bankruptcy court erred by delaying issuance of the discharge order for thirty days after no claims were made in a timely manner; that the bankruptcy court's remarks in its final order, suggesting that a creditor's motion to dismiss the petition should have succeeded and that Park might be guilty of some criminal wrongdoing, should be removed; and that his discharge was not final because the language in the order-if misinterpreted by another court-could leave him liable to pay restitution despite the discharge.
 
 
 3
 As the district court recognized, Park's argument that the bankruptcy court erred in delaying issuance of the discharge order became moot as soon as the discharge was granted, because Park did not suffer any " 'actual injury that [could] be redressed by a favorable judicial decision.' " See United States Through Farmers Home Admin. v. Nelson, 969 F.2d 626, 629 (8th Cir. 1992) (quoting Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983)). The district court also properly dismissed as moot Park's challenge to the propriety of the challenged remarks, because "there [was] no longer any real controversy." Smith v. United States, 921 F.2d 136, 138 (8th Cir. 1990). The bankruptcy court's order, as written, grants Park a discharge to the full extent permitted by the Bankruptcy Code. While Park argues that he may be subjected to collection activity through state restitution orders, Article III courts "sit to decide only live controversies, cases that will have a real, practical effect." Id.
 
 
 4
 Accordingly, we affirm the district court's dismissal of Park's appeals as moot.
 
 
 
 [1]
 The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 The Honorable Frank W. Koger, Chief Judge, United States Bankruptcy Court for the Western District of Missouri