# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3501

_____

Wells Fargo Bank West, National
Association,

          Appellee,

      v.

Kevin E. Burns,

          Appellant,

Barbara R. Burns,

          Respondent.

\* Appeal from the United States
\* District Court for the District
\* of Minnesota.

\* [UNPUBLISHED]

_____

Submitted: June 4, 2004

Filed: June 9, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

After Wells Fargo Bank West, N.A. (Wells Fargo) brought an action in Minnesota state court against Kevin Burns, Barbara Burns, and E-Loan, Inc., arising out of a mortgage dispute, Mr. Burns removed the case to federal court and invoked the Truth in Lending Act, 15 U.S.C. §§ 1601-1667(e) (TILA) to support the removal.

The district court[1] remanded the case to state court based on procedural defects and lack of subject-matter jurisdiction, awarded attorney's fees to Wells Fargo, and denied a recusal motion filed by Mr. Burns. Mr. Burns appeals. Although we do not have jurisdiction to review the propriety of the remand order, see 28 U.S.C. § 1447(d); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995), we affirm the district court's award of attorney's fees and its denial of the recusal motion.

Specifically, we find that the district court did not abuse its considerable discretion in awarding attorney's fees to Wells Fargo under 28 U.S.C. § 1447(c), see Hart v. Wal-Mart Stores Inc. Associates' Health and Welfare Plan, 360 F.3d 674, 677 (7th Cir. 2004) (attorney's-fees award under § 1447(c) is independently appealable order); Children's Broadcasting Corp. v. Walt Disney Co., 357 F.3d 860, 870 (8th Cir. 2004) (standard of review); Sirotzky v. New York Stock Exch., 347 F.3d 985, 987 (7th Cir. 2003). The removal notice was untimely, see 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a), and the district court lacked subject-matter jurisdiction, as a federal question did not appear on the face of the complaint and the complete-preemption doctrine does not apply to claims under the TILA, see Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93 (1987); Magee v. Exxon Corp., 135 F.3d 599, 601-02 (8th Cir. 1998). We also find that the district court did not abuse its discretion in denying the recusal motion. See Bannister v. Delo, 100 F.3d 610, 614 (8th Cir. 1996), cert. denied, 521 U.S. 1126 (1997); United States v. Johnson, 47 F.3d 272, 276 (8th Cir. 1995) (standard of review).

Accordingly, we affirm.

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.