# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1807

_____

Dakota, Minnesota & Eastern
Railroad Corporation, a Delaware
corporation

*Plaintiff - Appellant*

v.

Kevin V. Schieffer

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: December 12, 2012
Filed: March 28, 2013

_____

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

In December 2004, the Dakota, Minnesota & Eastern Railroad ("DM&E") and
its President and CEO, Kevin Schieffer, entered into an Employment Agreement to
encourage his retention following an anticipated change of control. In October 2008,
with a merger imminent, DM&E terminated Schieffer without cause, triggering the

Employment Agreement's severance provisions. When disputes arose over the amounts owed, Schieffer filed a demand for arbitration under the Employment Agreement. DM&E then filed this action in federal court to enjoin the arbitration, asserting federal question jurisdiction under 28 U.S.C. § 1331: "the underlying severance agreement dispute . . . arises out of an employee benefit plan" governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. In a prior appeal, we affirmed the district court's ruling that the Employment Agreement is not an ERISA employee welfare benefit plan as defined in 29 U.S.C. § 1002(1). Dakota, Minn. & E.R.R. v. Schieffer, 648 F.3d 935, 938 (8th Cir. 2011). However, we remanded for a determination whether some of Schieffer's contract demands are nonetheless governed by ERISA, which would confer federal question jurisdiction over those demands and discretionary supplemental jurisdiction under 28 U.S.C. § 1367 over his remaining demands.

On remand, after supplemental briefing, the district court[1] dismissed DM&E's complaint for lack of jurisdiction, concluding that Schieffer is demanding payment of employee benefits arising under a free-standing single-employee contract that references DM&E's ERISA plans, not payment of benefits due under ERISA plans. Dakota, Minn. & E.R.R. v. Schieffer, 857 F. Supp. 2d 886, 894-95 (D.S.D. 2012). DM&E appeals. Reviewing the dismissal for lack of subject matter jurisdiction *de novo*, we affirm. See Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 256 (8th Cir. 1994) (standard of review).

1. The issue on appeal is federal question jurisdiction, not federal preemption. "Where federal subject matter jurisdiction is based on ERISA, but the evidence fails to establish the existence of an ERISA plan, the claim must be dismissed for lack of subject matter jurisdiction." Id. In the first appeal, the parties focused on whether the

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

Employment Agreement was an ERISA plan; we concluded it was not. However, that did not fully resolve the jurisdictional issue because, "in dealing with a multi-faceted employment contract . . . some facets may be governed by ERISA . . . while others may be governed by state law." Stearns v. NCR Corp., 297 F.3d 706, 710 (8th Cir. 2002), cert. denied, 537 U.S. 1160 (2003). "If a facet is governed by ERISA, any dispute over the terms *of that benefit* must be resolved by looking to ERISA's statutory provisions and relevant case law." Id. (emphasis in original). In that event, as Stearns illustrated, there is federal question jurisdiction over at least part of the dispute. This principle prompted our prior remand; we framed the inquiry as follows:

> Schieffer's arbitration demand alleged that DM&E's lump-sum payment "breached its obligation to provide employee benefits under [paragraphs 3(c) and 5 of] the Employment Agreement" by (a) terminating health insurance coverage prematurely; (b) failing to pay life and disability insurance coverage for the full period required by paragraph 5; (c) miscalculating retirement benefits due; and (d) failing to pay "vacation accruals and banked vacation cash compensation payable to terminated employees under the employment benefit programs." If these are demands for the payment of benefits under ERISA plans, as amended by the Employment Agreement, then *to that extent* all state law remedies are preempted and the district court has subject matter jurisdiction over portions of DM&E's complaint. On the other hand, if these are demands under a free-standing single-employee contract that simply pegged DM&E's payment obligations to amounts that would have been due under ERISA plans, there is no preemption [of state law remedies asserted in the demand for arbitration, a major focus of the first appeal] -- *and no subject matter jurisdiction*.

Schieffer, 648 F.3d at 939-40 (final brackets and emphasis added).

2. DM&E brought a declaratory judgment action. "The Declaratory Judgment Act is procedural; it does not expand federal court jurisdiction." Bacon v. Neer, 631 F.3d 875, 880 (8th Cir. 2011). With diversity jurisdiction lacking, DM&E must

establish an independent basis of federal jurisdiction. "Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 19 (1983), quoted in Textron Lycoming Reciprocating Engine Div. v. U.A.W., 523 U.S. 653, 660 n.4 (1998). The subject of DM&E's declaratory judgment suit is Schieffer's arbitration demand. DM&E is suing to defeat, in advance of its filing, an action by Schieffer to compel the arbitration that DM&E refuses to accept. If Schieffer brought that action in federal court, it would be a petition to compel arbitration under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. The FAA, like the Declaratory Judgment Act, "bestows no federal jurisdiction." Vaden v. Discover Bank, 129 S. Ct. 1262, 1271 (2009) (quotations omitted).

Thus, as our remand order recognized, the jurisdiction-determining question is whether Schieffer is seeking to enforce rights under ERISA. To answer this question, it makes no difference whether we focus on the ERISA allegations in DM&E's declaratory judgment complaint, or on the FAA action Schieffer could have brought to enforce his arbitration demand.[2] Cf. Cmty. State Bank v. Strong, 651 F.3d 1241, 1256-57 (11th Cir. 2011). Nor is the inquiry controlled, as DM&E argues on appeal, by the fact that Schieffer's arbitration demand expressly sought "employee benefits" under provisions of the Employment Agreement that cross-reference pre-existing ERISA plans. Rather, subject matter jurisdiction turns on whether Schieffer is seeking to recover "benefits due to him under the terms of" one or more ERISA plans, 29 U.S.C. § 1132(a)(1)(B), rather than under an independent contract that is not an ERISA plan. A federal court has subject matter jurisdiction to consider a

_____

[2]DM&E did not seek relief under the FAA, no doubt because it seeks to enjoin rather than to compel arbitration. As the FAA confers no federal jurisdiction, a prayer for relief under the FAA would not alter our subject matter jurisdiction inquiry.

former employee's "colorable" claim to benefits under an ERISA plan. Eide v. Grey Fox Tech. Servs. Corp., 329 F.3d 600, 607 (8th Cir. 2003). But there is no jurisdiction if the assertion of ERISA jurisdiction is so "completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quotations omitted).

3. With that clarifying introduction, we turn to the district court's resolution of the issue we framed in remanding. Section 5 of the Employment Agreement provided that DM&E would "continue to provide [Schieffer] the Employee Benefits described in section 3(c) of this Agreement for a period of not less than three years from the date on which the Severance Payment is paid in full . . . ." The cross-referenced Section 3(c) provided that Schieffer and his dependents would participate in "all employee health, welfare and retirement benefit plans and programs made available generally to senior executives," and, if he became ineligible to participate, "whether by law or the terms thereof," further provided that DM&E would make "a cash payment equal to" what it would have contributed if he participated.

Schieffer's demand for arbitration alleged that "DM&E has breached its obligation to provide employee benefits under the Employment Agreement" in various respects. The district court noted that none of DM&E's ERISA plans provide benefits to a terminated employee "of the nature and extent" Schieffer seeks; only the Employment Agreement would allow a judgment for those levels of benefits. Therefore, the court concluded, directly answering the question we posed in remanding, "Schieffer's arbitration demands are 'demands under a free-standing single-employee contract that simply pegged DM&E's payment obligations to amounts that would have been due under ERISA plans.'" Schieffer, 857 F. Supp. 2d at 893, quoting 648 F.3d at 939. We agree.

As the district court noted, none of the ERISA plans, only Section 5 of the Employment Agreement, provided the post-termination employee benefits Schieffer

is seeking. The Employment Agreement is not itself an ERISA plan, but our prior cases have discussed two situations in which Schieffer could nonetheless be seeking benefits "due under" DM&E's ERISA plans. First, the Employment Agreement could be an amendment to the plans, with Schieffer seeking benefits under the plans as so amended. Compare Stearns, 297 F.3d at 711, with Crews v. Gen. Am. Life Ins. Co., 274 F.3d 502, 505 (8th Cir. 2001). The district court correctly found no evidence that the parties intended the Employment Agreement to amend DM&E's ERISA plans; to the contrary, Section 3(c) provided for alternative payments should Schieffer cease to be a participant by the terms of those plans. Schieffer, 857 F. Supp. 2d at 895. At oral argument, counsel for DM&E conceded that the Employment Agreement did not amend its pre-existing ERISA plans.

Alternatively, the Employment Agreement might simply be DM&E's "promise that ERISA plan benefits will be paid if a future contingency occurs," rather than an independent "free-standing contract." Johnson v. U.S. Bancorp., 387 F.3d 939, 942 (8th Cir. 2004); compare the oral assurances in Johnson, 387 F.3d at 942, and the letter attempting to explain plan benefits in Antolik v. Saks, Inc., 463 F.3d 796, 803 (8th Cir. 2006), with the promise of post-termination benefits not owing under an existing plan in Eide, 329 F.3d at 607. Here, the Employment Agreement was, on its face, a complete, free-standing agreement; Sections 3(c) and 5 provided independent post-termination contract benefits to which Schieffer was not entitled under DM&E's pre-existing ERISA plans. True, those severance benefits were measured in part by benefit levels under the ERISA plans, but DM&E has not alleged that the benefits were funded by other than its general assets, and payment would not affect the administration of DM&E's ERISA plans nor threaten ERISA's goal of uniformity in the administration of plan benefits. See Stevenson v. Bank of N.Y. Co., 609 F.3d 56, 61 (2d Cir. 2010); Gresham v. Lumbermen's Mut. Cas. Co., 404 F.3d 253, 259 (4th Cir. 2005); Eide, 329 F.3d at 605. In these circumstances, we agree with the district

court that the benefits sought in Schieffer's arbitration demand were not claims for benefits due *under an ERISA plan*. Accordingly, the court lacked federal subject matter jurisdiction to consider arbitrability, or any other issue arising under the Employment Agreement.

The judgment of the district court is affirmed.

_____