DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION, a Delaware corporation, Plaintiff–Appellant

v.

Kevin V. SCHIEFFER, Defendant–Appellee.

No. 12–1807.

United States Court of Appeals, Eighth Circuit.

May 30, 2013.

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.

### ORDER

Dakota, Minnesota & Eastern Railroad ("DM & E") commenced this action in federal court against its former President and CEO, Kevin Schieffer, to enjoin Schieffer's demand for arbitration of their dispute over the amount of severance benefits DM & E owed under the parties' Employment Agreement and a related Consulting Agreement. The contracts expressly allow Schieffer to recover reasonable fees and expenses if he "prevails" in a dispute related to the agreements. DM & E asserted federal question jurisdiction, namely, that "the underlying severance agreement dispute ... arises out of an employee benefit plan" governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. After an initial remand, we held that the district court "lacked federal subject matter jurisdiction to consider arbitrability, or

any other issue arising under the Employment Agreement." Dakota, Minn. & E. R.R. v. Schieffer, 711 F.3d 878, 882 (8th Cir.2013) (emphasis added).

Schieffer now moves for an award of attorneys' fees and expenses under the contracts, or alternatively for an order remanding this issue to the district court, arguing that both courts have "equitable jurisdiction" to consider "collateral issues" such as a fee award. DM & E argues that our dismissal of its complaint for lack of subject matter jurisdiction deprives both courts of jurisdiction to consider a claim for an award of fees and expenses under the contracts. We agree.[1]

As federal courts are courts of limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). Schieffer relies on cases in which federal courts ordered fees as sanctions for abusing the judicial process, even though the underlying lawsuit had been dismissed. See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (Rule 11); Ratliff v. Stewart, 508 F.3d 225, 231 (5th Cir.2007) (28 U.S.C. § 1927); Wells Fargo Bank West, N.A. v. Burns, 100 Fed.Appx. 599 (8th Cir.2004) (28 U.S.C. § 1447(c)). But the sanctions in those cases were expressly authorized by federal laws intended to protect the integrity of the judicial process, not to vindicate private rights created by contract. A court that suffers abusive conduct must retain jurisdiction to sanction that conduct. Here, by contrast, the judi-

---

1. Because we lack subject matter jurisdiction, we express no opinion regarding DM & E's alternative contention that Schieffer is not a prevailing party within the meaning of the contractual provisions that control this issue.

cial process was not abused, and nothing precludes Schieffer from vindicating his contract-based rights in arbitration, or in state court if the issue proves to be non-arbitrable. In our view, Schieffer's motion for fees is not a "collateral issue," as the term was used by the Supreme Court in *Cooter & Gell.* Rather, the motion raises a contract-based claim governed by state law.

Schieffer further relies on cases where courts have enforced contract-based fee awards after dismissal of the primary lawsuit. But in those cases, original subject matter jurisdiction was never in dispute. *See, e.g., Overholt Crop Ins. Serv. Co. v. Travis,* 941 F.2d 1361, 1370–71 (8th Cir. 1991) (diversity jurisdiction); *Rissman v. Rissman,* 229 F.3d 586, 588 (7th Cir.2000) (federal question jurisdiction); *Anderson v. Melwani,* 179 F.3d 763, 765 (9th Cir. 1999) (diversity jurisdiction). That a court with jurisdiction over the initial lawsuit retains jurisdiction to order a contract-based fee award does not establish that a court lacking jurisdiction over the contract dispute nonetheless has jurisdiction to award fees under the contract.[2]

As there is neither diversity nor federal question jurisdiction over Schieffer's contract-based claim for attorneys' fees and expenses, federal jurisdiction must be based upon the district court's supplemental jurisdiction under 28 U.S.C. § 1367. But courts have uniformly held that, when original federal jurisdiction is wholly lacking (as here), this statute confers no discretion to exercise supplemental jurisdiction over remaining state-law claims. *See Toste Farm Corp. v. Hadbury, Inc.,* 70 F.3d 640, 646 n. 11 (1st Cir.1995) ("Supplemental jurisdiction ... cannot survive the jurisdictional failure of the original claim."); *Musson Theatrical, Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1255 (6th Cir. 1996) ("If the court dismisses plaintiff's federal claims [for lack of subject matter jurisdiction], then supplemental jurisdiction can *never* exist.") (emphasis in original); *Scarfo v. Ginsberg,* 175 F.3d 957, 962 (11th Cir.1999) (citing cases). "The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." *Peacock v. Thomas,* 516 U.S. 349, 355, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996); *see also United States v. Afremov,* 611 F.3d 970, 976 (8th Cir. 2010).

For these reasons, Schieffer has failed to meet his burden of establishing the existence of federal jurisdiction to grant the relief requested. Because neither we nor the district court has jurisdiction to award fees based on the contracts at issue, Schieffer's motion for an award of fees and expenses, his motion to amend the fee application, and his alternative motion to remand are denied.

---

**2.** Schieffer also relies on *Prime Insurance Syndicate, Inc. v. Soil Tech Distributors, Inc.,* 270 Fed.Appx. 962, 964–65 (11th Cir.2008), an unpublished opinion affirming a fee award under a state statute after the underlying claim was dismissed for lack of subject matter jurisdiction. We find that decision unpersuasive, as it relied on cases involving a court's jurisdiction to award sanctions under Rule 11 and 28 U.S.C. § 1447(c). *See also Southern–Owners Ins. Co. v. Tomac of Fla., Inc.,* 687 F.Supp.2d 665, 669 (S.D.Tex.2010) (rejecting the analysis in *Soil Tech* ).