# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3080

_____

Scott Family Properties, LP

*Plaintiff - Appellant*

v.

Missouri Highways and Transportation Commission; Commissioner Gregg C. Smith; Commissioner Stephen R. Miller; Commissioner Michael B. Pace; Commissioner Mary E. Nelson; Commissioner John W. Briscoe; Commissioner Michael T. Waters, Jr.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2017
Filed: January 31, 2017
[Unpublished]

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Plaintiff Scott Family Properties (Scott Properties) sued defendant Missouri Highways and Transportation Commission (MHTC) and its commissioners under

state and federal law. The district court dismissed the federal claims because they were not ripe and also stated that it was dismissing all claims (including the federal claims) on the merits. Scott Properties appeals. We vacate the order and remand to the district court with directions to remand to state court.

After MHTC built a sound wall in front of an office building owned by Scott Properties, Scott Properties sued MHTC in state court for inverse condemnation based on nuisance and violation of its state and federal constitutional rights. MHTC removed the case to federal court where Scott Properties amended its complaint to add the commissioners as defendants. The defendants then moved to dismiss Scott Properties' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court dismissed all of the claims on the merits and also concluded that it lacked jurisdiction over the federal claims because they were not ripe since Scott Properties had not exhausted its state remedies. Scott Properties appeals, arguing in part that the district court should have dismissed its federal claims without prejudice for lack of subject matter jurisdiction and should have declined to exercise supplemental jurisdiction over its state claims.

We review the district court's grant of a motion to dismiss de novo. Sabri v. Whittier All., 833 F.3d 995, 998 (8th Cir. 2016). We conclude the district court erred here by addressing the merits of Scott Properties' claims without first determining whether it had subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); Ashley v. U.S. Dep't of Interior, 408 F.3d 997, 1000 (8th Cir. 2005). The district court determined that Scott Properties had not exhausted its state remedies and that its federal claims were therefore not ripe. Scott Properties does not challenge these rulings. Since the federal claims were not ripe, the district court lacked jurisdiction over them. See Mo. Soybean Ass'n v. U.S. E.P.A., 289 F.3d 509, 513 (8th Cir. 2002) (per curiam).

A federal court may exercise supplemental jurisdiction over state claims if it has original jurisdiction over at least one related claim. See 28 U.S.C. § 1367(a). When a court lacks original federal jurisdiction, "this statute confers no discretion to exercise supplemental jurisdiction over remaining state-law claims." Dakota, Minn. & E.R.R. Corp. v. Schieffer, 715 F.3d 712, 713 (8th Cir. 2013) (per curiam). Because the district court lacked original jurisdiction over Scott Properties' federal claims, it should not have proceeded to exercise supplemental jurisdiction over the state claims. See id. Since the court lacked jurisdiction, it should have remanded the claims to state court. See 28 U.S.C. § 1447(c).

For these reasons we vacate the dismissal order and return the case to the district court with directions to remand it to state court.

_____