# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-2524

_____

Elaine Robinson; Helen Psaras; Rebecca Couture; Vanesa Ford; Georgia Lee Harlan; Claire A. Holmes; Tina Loomis; Juana Miles; Deloris Mitchell; Himilce Negron; Carol L. Qualls; Rhonda Robinson; Harriet L. Scott; Charlotte L. Shaw; Susan M. Simcox; Linda C. Tanguay; Violet E. Wyers; Kim Diling; Rebekah McDonald; Socorro Perez; Cynthia Weddle; Mary Higdon; Yolanda Baker; Priscilla Billingslea; Yiona Bryant; Diane Ezell; Janet Gallo; Ladessa Lewis; Quynh Nguyen; Isabel Power; Denise Proulx; Sharon Wheelehan; Patricia Herrera; Carol Henriques; Linda Christner; Rita Probst; Patricia Johnson; Lois Morton; Sharon Bowers; Henrietta Eatman; Sharon Murdock; Mildred Watley; Delayne Wharton; Patricia Trotman; Gladys Bates; Helen Courtney; Myrtle White-Royes; Carol Peterson; Elena Barnovics; Victoria Elleman; Eleftheria Karamihalis; Linda L. Jackson; Gladys F. Brent; Mary Robinson; Martha Farr; Eliza Taylor; Rose Rush-Gaswirth; Ardell R. Martinez; Carol A. Moran; Lou Anne Box; Barbara L. Kuikahi; Elizabeth A. Parks-McDonald; Willie Williams; Clara Yarborough

*Plaintiffs - Appellees*

v.

Pfizer, Inc.

*Defendant - Appellant*

------------------------------

Washington Legal Foundation; American Tort Reform Association; Missouri Organization of Defense Lawyers; Chamber of Commerce of the United States of America; Pharmaceutical Research and Manufacturers of America

*Amici on Behalf of Appellant(s)*

National Consumer Law Center; National Association of Consumer Advocates; Public Justice; American Association for Justice

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 5, 2017
Filed: May 1, 2017

_____

Before SMITH, Chief Judge, ARNOLD and SHEPHERD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Elaine Robinson is one of 64 women from 29 states who sued Pfizer in a Missouri state court, asserting state-law claims that arose from Pfizer's manufacture and sale of the drug Lipitor, which they allege causes diabetes. Pfizer removed the case to federal district court,[1] maintaining that the case lay within its diversity jurisdiction even though the face of the complaint revealed that six of the plaintiffs are citizens of New York where Pfizer is also a citizen. Complete diversity of citizenship, and thus federal subject-matter jurisdiction, therefore appeared to be lacking. *See Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). But Pfizer defended the removal by urging the district court to ignore the plaintiffs who are not Missouri citizens when ruling on the diversity issue because those plaintiffs had been fraudulently joined or procedurally misjoined in the case.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

In support, Pfizer contended that those plaintiffs could not acquire personal jurisdiction over Pfizer in Missouri state court for incidents that did not arise out of or relate to Pfizer's contacts in Missouri, and so complete diversity of citizenship did exist after all.

The plaintiffs asked the district court to remand the case to state court and to award them costs and attorney's fees under 28 U.S.C. § 1447(c), arguing that Pfizer had removed the case "in bad faith and . . . only to delay the administration of justice and waste the Court's time and resources" and had engaged in a "pattern of procedural abuse and continued disregard for binding Eighth Circuit precedent and, more importantly the time and resources of this District." The district court granted the motion to remand, but, more important for present purposes, it awarded the plaintiffs $6200 of their requested $14,800 in attorney's fees. In doing so, the district judge noted that several cases in her district, some of which involved Pfizer as a defendant, had already rejected the contentions that Pfizer advanced to justify removing the case. So, the court concluded, "[i]n light of these repeated admonishments and remands to state court for six years, defendant can no longer argue that its asserted basis for seeking removal to federal court in these circumstances is objectively reasonable."

We do not ordinarily have occasion to rule on the propriety of district court remand orders because they are not reviewable on appeal or otherwise. *See* 28 U.S.C. § 1447(d). Parties can, however, appeal an order awarding attorney's fees for improper removal under § 1447(c), *see Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000), which provides that a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that these appeals turn on whether the removing party had an objectively reasonable basis for removing the case. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Pfizer appeals the district court's order awarding attorney's fees and maintains that its removal was in fact objectively reasonable. As part of our consideration of whether removal was objectively

reasonable, Pfizer and several amici curiae request that we address Pfizer's arguments for removal to help lower courts (particularly in the Eastern District of Missouri) resolve removal issues because many similar pharmaceutical actions have been filed and will otherwise continue to be filed in the Missouri state court involved here. Pfizer and these amici maintain that a decision on the diversity-jurisdiction issue could help end, as one amicus puts it, the "hub of litigation tourism" that the Missouri state court has become.

After Pfizer filed its notice of appeal, the plaintiffs filed a satisfaction of judgment in the district court asserting that they "disclaimed any interest in collecting" the attorney's fee award and that "full and complete satisfaction of said judgment or order is hereby acknowledged." They then filed a motion to dismiss the appeal as moot, which Pfizer opposed.

Pfizer contends that we should deny the motion to dismiss because the plaintiffs filed it too late. Our rules provide that, "Except for good cause or on the motion of the court, a motion to dismiss based on jurisdiction must be filed within 14 days after the court has docketed the appeal." 8th Cir. R. 47A(b). Although the plaintiffs did not move to dismiss the appeal until 20 days after it was docketed, the case did not present a mootness issue until they filed the satisfaction of judgment, and they filed their motion to dismiss only six days after that. We think that in these circumstances the plaintiffs had good cause for filing the motion to dismiss more than 14 days after docketing. More important, regardless of our Rule 47A(b), we cannot decide a moot case. So we turn to the merits of the motion.

Under Article III, an actual controversy must exist at all stages of review, and if intervening circumstances moot the controversy, the case must be dismissed. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). A case becomes moot when it becomes impossible for the court to grant any effectual relief. *See id.*

-4-

For the reasons that follow, we feel constrained to agree with the plaintiffs that the filing of the satisfaction of judgment has mooted the appeal. We cannot relieve Pfizer of an obligation to pay the fee award because that obligation has already been extinguished, and we cannot order the plaintiffs to refund the fee award because Pfizer has not paid it. It follows that all the court can do at this point is give Pfizer an advisory opinion on the propriety of its removal, and it goes without saying that advisory opinions are not within our Article III power. *See Greenman v. Jessen*, 787 F.3d 882, 891 (8th Cir. 2015).

Relying on *Perkins v. General Motors Corp.*, 965 F.2d 597 (8th Cir. 1992), Pfizer insists that the plaintiffs' disclaimer of the award does not moot the case because the mere existence of the order appealed from harmed Pfizer's reputation. In *Perkins*, a party and her attorney appealed a district court order refusing to vacate a sanctions order and also sought a writ of mandamus ordering the district court to lift the sanctions. The appellants argued that the district court lost jurisdiction to enforce the order when the parties settled the case, but we rejected that contention even though, as part of the parties' settlement, the appellee had agreed not to collect the monetary sanctions. We explained that, though the appellee moved for sanctions, "it was the district court that imposed them. Appellants are entitled to bargain with adversaries to drop a motion for sanctions, but they cannot unilaterally bargain away the court's discretion in imposing sanctions and the public's interest in ensuring compliance with the rules of procedure." *Id.* at 599–600.

We conclude that *Perkins* is beside the point because we do not believe that the district court's award of attorney's fees in this circumstance can reasonably be called a sanction or could have discernibly harmed Pfizer's reputation. Although the plaintiffs' rather vivid motion for fees contained a lot of accusatory language directed at Pfizer and maintained that Pfizer had engaged in sanctionable conduct, we think it is important that the district court did not take the bait: The court's order merely held, applying *Martin*, that Pfizer's removal was not objectively reasonable in light

of repeated admonitions in similar cases involving similar issues. This is not much of a rebuke, barely more than a statement that Pfizer had simply erred as a matter of law.

Pfizer maintains that every attorney's fee award under § 1447(c) is a sanction capable of harming a party's reputation. That argument is untenable. The statute is neutral with respect to a party's behavior; it does not remotely suggest that every attorney's fee award under § 1447(c) can be described as a sanction or that the party removing the case has acted in a reprehensible way. The Supreme Court more than intimated as much in *Martin*, where it consistently referred to this portion of § 1447(c) as a "fee-shifting" statute. 546 U.S. at 139–40. In deciding when a court should award attorney's fees under § 1447(c), moreover, the *Martin* Court expressly rejected the proposition that fees should be awarded only when the removal was "frivolous, unreasonable, or without foundation." *Id.* at 138–39. Had it adopted that standard, we might be more inclined to say that an attorney's fee award under § 1447(c) is categorically a sanction, but instead the *Martin* Court adopted a much more anodyne standard. At least one other court has expressly held, we think correctly, that § 1447(c) is not a sanctions rule but merely a fee-shifting statute. *See Garbie*, 211 F.3d at 410.

Pfizer also directs our attention to a case in which we decided that a bankruptcy court had sanctioned a party when it said in an order that the party had violated an automatic statutory stay. *See U.S. Through Farmers Home Admin. v. Nelson*, 969 F.2d 626, 629 (8th Cir. 1992). We explained that "an adjudication that the [party] was in violation of federal law is indeed a sanction, and one that the [party] should be permitted to seek to reverse on appeal," even where no monetary penalties were at issue. *Id.* But unlike *Nelson*, the district court here did not find that there was a violation of federal law; it merely found that the removal was not objectively reasonable. *Nelson* is therefore inapposite. Pfizer in addition points to occasions on which our court has referred to attorney's fee awards under § 1447(c) as "sanctions."

*See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013); *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998). But these cases are far from holding that all attorney's fee awards under § 1447(c) are sanctions, especially since the proper characterization of § 1447(c) awards was not actually at issue in those cases. We think that some attorney's fee awards under § 1447(c) are not truly sanctions that could harm a party's reputation, and we think that the award here is one of them.

Pfizer also insists that it has suffered an injury because the order at issue discourages it from removing cases in the future since a district court might now be more inclined to award attorney's fees for an unreasonable removal. Pfizer's argument fails because we do not think that the chilling effect Pfizer posits will materialize since Pfizer would get another chance of getting an opinion on the propriety of similar removals should a district court award attorney's fees again. And in a case where attorney's fees are actually at issue on appeal, Pfizer could receive a ruling on the propriety of removal that it now so earnestly seeks. The incentives are currently structured so that plaintiffs' attorneys in these types of cases will no longer ask for attorney's fees for fear that a pharmaceutical company like Pfizer will appeal a fee award and receive a decision that might end their lucrative procedural strategy. And Pfizer will have little difficulty with being ordered to pay relatively modest attorney's fee awards if that gives it the opportunity to defeat the plaintiffs' strategy for good. We therefore reject Pfizer's contention that it will be discouraged from removing cases in the future; it is actually more likely to remove a case in the future based on these incentives. In sum, this case is moot because we cannot provide Pfizer any relief outside of an advisory opinion.

Once a case pending appeal becomes moot, federal appellate courts may dispose of the case as justice may require. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21–22 (1994). The established practice of federal appeals courts is to vacate the judgment or order being appealed because that "clears the path

for future relitigation of the issues between the parties and eliminates a judgment." *Id.* at 22. Though courts are sometimes reluctant to vacate a judgment or order being appealed when one or more of the parties caused the case to become moot, *see id.* at 23, those concerns are not present when the prevailing party below unilaterally moots the case. Otherwise the prevailing party could solidify a decision as precedent or create a preclusive effect without that decision being subjected to appellate review. *See* 13C Charles Alan Wright et al., Federal Practice & Procedure § 3533.10.1 (3d ed. 2008). Given that an order of vacatur is the usual course, that all parties agree that vacatur is proper, and that vacatur would go a long way toward repairing any possible harm that Pfizer claims it suffered, we vacate the district court's order directing Pfizer to pay attorney's fees.

Dismissed.

_____